UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. TUNNEL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-1334 AC<br><br><br>ORDER |

This case was referred to the undersigned by E.D. Cal. R. 302(c)(15). Before the court is defendant Colvin's ("the Commissioner") motion (ECF No. 22) to reconsider the court's order granting plaintiff's motion for summary judgment and remanding for the immediate calculation and award of benefits (ECF No. 20). For the reasons discussed below, the court will deny the Commissioner's motion.

I. LEGAL STANDARD

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000)).

1

1 However, "amending a judgment after its entry remains an extraordinary remedy which should be
2 used sparingly." Allstate, 634 F.3d at 1111 (internal quotation marks omitted). Amendment of
3 judgment is sparingly used to serve the dual "interests of finality and conservation of judicial
4 resources." See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## II.  PROCEDURAL BACKGROUND

On June 2, 2014, plaintiff filed this action seeking reversal of the Commissioner's decision to deny benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. ECF No. 1. On September 14, 2015, the court granted plaintiff's subsequent motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the matter to the Commissioner for the immediate calculation and award of benefits. ECF No. 20.

The court found that the Administrative Law Judge ("ALJ") completely ignored the opinion of the treating psychotherapist (Dr. Marilyn L. Perry). ECF No. 20 at 13-16. The court also found that the ALJ improperly rejected the opinion of the treating psychiatrist (Dr. Pamela Martell), and the examining psychologist (Dr. Tamar Wishnatzky). ECF No. 20 at 16-21. The court further concluded that, crediting these opinions as true, plaintiff was disabled according to the Listing of Impairments, 20 C.F.R. Pt. 404, Supt. P, App. 1. ECF No. 20 at 22. The court therefore remanded for payment of benefits, under the authority of Brown-Hunter v. Colvin, 798 F.3d 749 (9th Cir. 2015), Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1101 (9th Cir. 2014), and Garrison v. Colvin, 759 F.3d 995 (9th Cir. 2014).

On October 13, 2015, the Commissioner moved to alter or amend the court's judgment. ECF No. 22. The motion argues only the first Allstate ground, and is based upon the Commissioner's view that (1) the court reached the wrong result in finding that plaintiff met the Listings, and (2) it was legal error to remand for payment of benefits rather than for further proceedings. Plaintiff opposes the motion for reconsideration. Id.

## III.  ANALYSIS

The court will deny the Commissioner's motion because its order remanding for the payment of benefits is not based on a manifest error of law. The Commissioner reiterates her

arguments that the evidence in the record does not show that plaintiff's impairments meet the Listings, and re-emphasizes her view that plaintiff's educational accomplishments show that he is not disabled.  The Commissioner further argues that the court erred in remanding for the payment of benefits rather than for further proceedings.  The Commissioner goes on to express her disagreement with the court's application of the credit-as-true rule and its express application of Ninth Circuit authority requiring remand for the payment of benefits when the factors set forth in Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) are met.

      The court acknowledges the Commissioner's often-stated and vehement disagreement with the Ninth's Circuit's "credit-as-true jurisprudence," and her apparent view that recent Ninth Circuit authority undermines earlier Ninth Circuit authority on the propriety of remanding for payment of benefits.  See ECF No. 22 at 6 n.7.  However, this court is bound by *all* Ninth Circuit decisions where there is no intervening legislation, Supreme Court decision or en banc Ninth Circuit decision irreconcilably to the contrary.  See Baker v. Delta Air Lines, Inc., 6 F.3d 632, 637 (9th Cir. 1993) (Ninth Circuit decisions are binding "unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions") (internal quotation marks omitted); Ferguson v. Corinthian Colleges, Inc., 733 F.3d 928, 933 (9th Cir. 2013) (prior circuit authority "is controlling absent any clearly irreconcilable intervening higher authority") (citing Miller v. Gammie, 335 F.3d 889, 893 (9th Cir.2003) (en banc)).  Accordingly, the court will continue to apply *all* authoritative Ninth Circuit decisions, even if they were handed down before the year 2014 or 2015, and even if the Commissioner believes that they were wrongly decided.

      The court's decision specifically listed and expressly addressed the Garrison factors governing remands for payment of benefits, and exercised the "flexibility" built in to that standard, even after finding that all the Garrison factors were met.  See ECF No. 20 at 21-22.  The Commissioner argues that the court "nominally acknowledged the Ninth Circuit's most current credit-as-true law," but "failed to properly follow that law."  ECF No. 22 at 6.  She then goes on to re-argue her view, offered in her cross-motion for summary judgment, that "[s]hould the Court disagree with the ALJ's decision, it should not remand for payment of benefits, but it should remand so that the entity Congress entrusted with making disability determinations may correct

any perceived errors." See ECF Nos. 19 at 19 n.3, 22 at 6-8.  The motion for reconsideration will be denied where, as here, the Commissioner offers mere disagreement with the court's decision, and recapitulates the arguments it made before the court in its cross-motion for summary judgment.  See Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1237 (E.D. Cal. 2010) (rejecting Rule 59(e) motion where plaintiff's "arguments on reconsideration simply recapitulate her original argument").

The court notes that the Commissioner takes particular exception to the court's decision to remand for the payment of benefits because this remedy is not applied "rarely" enough by the undersigned.  See ECF No. 22 at 6-7.  The Commissioner seems to interpret the case law as saying that the court must refrain from granting this remedy unless the frequency of the remedy drops to some particular (unspecified) number or ratio.  That is not correct.

The Ninth Circuit teaches that remands for the payment (or award) of benefits should occur only in the "rare circumstances" where it is called for.  Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (instructing that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," but remanding for an award of benefits, in this "rare circumstance" where such an award is appropriate) (some internal quotation marks omitted); Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100 (9th Cir. 2014) ("Our case law strikes a balance between the ordinary remand rule that generally guides our review of administrative decisions and the additional flexibility provided by § 405(g), and thus we generally remand for an award of benefits only in 'rare circumstances,' Moisa, 367 F.3d at 886, 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed'") (quoting Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (internal quotation marks omitted)).

This does not mean however, that this court should mechanically deny remands for payment of benefits even in the rare circumstances where it is appropriate, solely to achieve the end result of rarely granting the remedy.  To the contrary, the Ninth Circuit, in numerous decisions following Moisa and Treichler, both published and unpublished, has made clear that when those rare circumstances are present, the district court errs by failing to apply the remedy of

remand for payment of benefits.[1]  See Garrison v. Colvin, 759 F.3d 995, 999 (9th Cir. 2014) ("[a]pplying our settled 'credit-as-true' rule, we reverse the judgment below with instructions to remand this case to the ALJ for the calculation and award of benefits"); Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1165 (9th Cir. 2012) (reversing the Commissioner's decision and remanding for payment of benefits); Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1202 (9th Cir. 2008) ("we REVERSE and REMAND with instructions to remand to the Agency for payment of benefits"); Lounsburry v. Barnhart, 468 F.3d 1111, 1118 (9th Cir. 2006) ("REVERSED and REMANDED WITH INSTRUCTIONS for the payment of benefits").[2]

---

[1] Of course, this court has no control over how often this "rare" circumstance presents itself.  The court takes the cases as it finds them.

[2] See also, Mendoza v. Colvin, ___ F. App'x ___, 2015 WL 6437337 at *2, 2015 U.S. App. LEXIS 18521 at *4 (9th Cir. 2015) ("we reverse the decision of the district court with instructions to remand to the ALJ for a calculation and award of benefits"); Behling v. Colvin, 603 F. App'x 541, 543 (9th Cir. 2015) ("we reverse and remand to the district court with instructions to remand to the ALJ for an award of benefits"); Martinez v. Colvin, 585 F. App'x 612 (9th Cir. 2014) ("we reverse the judgment of the district court and remand for payment of benefits"); Contreras v. Colvin, 583 F. App'x 630 (9th Cir. 2014) ("we reverse and remand to the district court with instructions to remand to the ALJ for an award of benefits"); Smith v. Colvin, 554 F. App'x 568, 569 (9th Cir. 2014) ("[w]e therefore reverse the district court and remand for award of benefits"); Buck v. Colvin, 540 F. App'x 772 (9th Cir. 2013) (we reverse and remand to the district court with instructions to remand to the Administrative Law Judge (ALJ) for payment of benefits"); Mattson v. Colvin, 537 F. App'x 699 (9th Cir. 2013) ("we reverse and remand to the Social Security Agency for calculation of benefits"); Campbell v. Astrue, 506 F. App'x 575, 576 (9th Cir. 2013) ("we REVERSE the district court's judgment and REMAND with instructions for the district court to remand this case to the ALJ for an award of benefits"); Aranda v. Comm'r Soc. Sec. Admin., 405 F. App'x 139, 141 (9th Cir. 2010) ("[w]e therefore reverse the judgment of the district court and remand with instructions that the district court reverse the Commissioner's denial of benefits and remand to the Commissioner for the calculation and payment of benefits"); Hughes v. Comm'r of Soc. Sec. Admin., 403 F. App'x 218, 222 (9th Cir. 2010) ("[w]e therefore reverse the judgment of the district court and remand with directions that the district court reverse the Commissioner's denial of benefits and remand for the calculation and payment of benefits"); Van Sickle v. Astrue, 385 F. App'x 739, 742 (9th Cir. 2010) ("[w]e therefore reverse the judgment of the district court and remand with directions that the district court reverse the Commissioner's denial of benefits and remand for the calculation and payment of benefits"); Lapeirre-Gutt v. Astrue, 382 F. App'x 662, 666 (9th Cir. 2010) ("we remand with instructions to remand to the Commissioner of Social Security for immediate payment of benefits"); Stocki v. Comm'r Of Soc. Sec., 2009 WL 766499 at *1, 2009 U.S. App. LEXIS 6340 at *2 (9th Cir. 2009) ("we remand with instructions to remand to the Commissioner of Social Security for immediate payment of benefits"); McConner v. Barnhart, 125 F. App'x 769, 770 (9th Cir. 2005) (reversing the district court and remanding "for the payment of benefits"); McConner v. Barnhart, 125 F. . . . [continued]

IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the Commissioner's Motion to Alter or Amend Judgment (ECF No. 22), is DENIED.

DATED: December 4, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

App'x 769, 770 (9th Cir. 2005) ("we reverse and remand this case for the payment of benefits").